PILLSBURY WINTHROP SHAW PITTMAN LLP
MARK R. HELLERER (MH-9141)
1540 Broadway
New York, New York  10036
Telephone: (212) 858-1000
Telefax: (212) 858-1500
Attorneys for Defendant Airbus S.A.S.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| KATHLEEN PECUNIES,<br><br>                               Plaintiff,<br><br>     -against-<br><br>SICMA AERO SEAT SERVICES, INC. and AIRBUS,<br><br>                               Defendants. | ECF Case<br>Electronically Filed<br><br>Civil Action No. CV-06-0779 (DRH) (ETB)<br><br>**DEFENDANT AIRBUS S.A.S.'S ANSWER TO PLAINTIFF'S <u>VERIFIED COMPLAINT</u>** |

Defendant Airbus S.A.S. ("Airbus"), by its attorneys, Pillsbury Winthrop Shaw Pittman LLP, answers Plaintiff's Verified Complaint ("Complaint") as follows:

## I.
## ANSWER

1. Airbus is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint.  To the extent a response is required, Airbus denies the allegations contained in Paragraph 1 of the Complaint.

2. Airbus is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 2 of the Complaint.  To the extent a response is required, Airbus denies the allegations contained in Paragraph 2 of the Complaint.

3. Airbus admits the allegations contained in Paragraph 3 of the Complaint.

4. Airbus is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 4 of the Complaint. To the extent a response is required, Airbus denies the allegations contained in Paragraph 4 of the Complaint.

5. Airbus is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 5 of the Complaint. To the extent a response is required, Airbus denies the allegations contained in Paragraph 5 of the Complaint.

6. Airbus denies the allegations contained in Paragraph 6 of the Complaint.

7. Airbus denies the allegations contained in Paragraph 7 of the Complaint.

8. Airbus denies the allegations contained in Paragraph 8 of the Complaint.

9. Airbus denies that Plaintiff is entitled to the relief requested in the Prayer of the Complaint.

10. All allegations of the Complaint that are not expressly admitted herein are denied.

## II.
## AFFIRMATIVE DEFENSES

11. Plaintiff's claims are barred in whole in part by the doctrine of contributory negligence and/or proportionate responsibility.

12. Plaintiff's damages and injuries, if any, are a result of an unavoidable accident.

13. Plaintiff failed to mitigate her alleged damages.

14. Plaintiff's claims are barred by the doctrine of an open and obvious danger.

15. Plaintiff's Complaint fails to state a claim against Airbus upon which relief can be granted.

16. The alleged damages complained of were caused, solely or partially, by the negligence or other conduct of parties other than Airbus and for whom Airbus is not responsible and over whom Airbus had no control or right of control, and said acts or omissions are

intervening, interceding, superseding, unforeseeable, or new and independent causes of Plaintiff's damages. Airbus is not liable to Plaintiff, or in the alternative, Airbus' liability to Plaintiff should be reduced in accordance with applicable law.

17. At the time the product left Airbus' possession, custody, and control, and at all relevant times, it was not defective in design, warning, manufacture, or marketing, nor was it unreasonably dangerous for use because Airbus conducted itself in accordance with the standard of care required under the applicable law; the design, warnings, assembly, and marketing of the product were at all times consistent with the custom and practice of other designers, manufacturers, and sellers of similar products, and in accordance with the relevant industry standards and governmental statutes, regulations, and codes.

18. At the time the Aircraft left the possession, custody, and control of Airbus, and at all relevant times, it was not defective, nor was it unreasonably dangerous for use because the state of technical and scientific knowledge and the published literature and other information reflecting such knowledge, at all relevant times, was such that Airbus neither knew, nor should have known, nor could have known that the product presented a foreseeable risk of harm to the Plaintiff arising out of the normal and expected use and handling of the product.

19. Airbus is not liable because its product was subject to unforeseeable and improper misuse or handling.

20. Plaintiff's alleged damages, if any, were proximately caused in whole or in part, by the modification, alteration, or change in the condition of the product, after it left the possession, custody, and control of Airbus, by persons over whom Airbus had no control or right of control, and without Airbus' knowledge, consent, or advice.

21. Airbus is not liable to Plaintiff for breach of warranty because the Aircraft conformed to all warranties, if any, and all warranties, if any, were disclaimed, excluded, or

otherwise limited under Airbus' contracts, or through course of dealing, course of performance, or usage of trade.

22. Airbus cannot be liable to Plaintiffs under a breach of warranty theory due to the lack of privity between the parties.

23. Plaintiff did not rely on any alleged warranty and is not a third-party beneficiary of any warranties that Airbus may have made.

24. Plaintiff's recovery, if any, must be reduced by any collateral source payment that has been or will be paid to Plaintiff.

25. Airbus reserves the right to make an election of credit for any settlements as allowed pursuant to the applicable law.

26. The manufacture and marketing of the Aircraft is controlled by federal and international law, and Airbus was at all times in compliance and obedience with the applicable law. If Plaintiff's causes of action against Airbus are permitted and allowed, they would impede, impair, frustrate, and/or burden the effectiveness of law regulating transportation and would constitute an invalid burden on interstate commerce, violating the supremacy and commerce clauses of the UNITED STATES CONSTITUTION, Article VI, Section 2 and Article 1, Section 8, respectively. Thus, Plaintiff's claims are preempted or barred by applicable law.

27. The Aircraft was fit for its intended purpose, was reasonably safe for its intended purpose, was not reasonably certain to be dangerous when put to its normal use, and the benefits of the design of the Aircraft, and any accompanying warnings, and each component thereof outweigh the inherent risks, if any.

28. Plaintiff's claims and damages were not substantially or proximately caused by any alleged defect in the Aircraft.

-5-

29.     Airbus did not omit any instructions or warnings that would have reduced the foreseeable risks of harm, if any, posed by the Aircraft.

30.     Plaintiff's claims and damages are barred, in whole or in part, by the applicable statue of repose.

31.     Airbus is not liable because it met the standard of care under the learned-, responsible-, sophisticated-, or informed-intermediary doctrines.

32.     Airbus reserves the right to add those affirmative defenses which it deems necessary to its defense during or upon the conclusion of investigation and discovery.

### III.

### NOTICE OF APPLICABILITY OF THE LAW OF ANOTHER JURISDICTION

Pursuant to Federal Rules of Civil Procedure, Rule 41.1, Airbus hereby gives notice that it intends to raise issues concerning the applicability of the law of another jurisdiction, and hereby reserves the right to assert and plead such other defenses available to it arising out of the application of the substantive laws of another jurisdiction.

### IV.

### JURY DEMAND

Airbus demands trial by jury of all issues triable of right by a jury.

WHEREFORE, Defendant Airbus S.A.S. respectfully requests the Plaintiff take nothing by reason of this suit and that Airbus be awarded its costs of court and such other and further relief, at law or at equity, special or general, to which Airbus may show itself justly entitled.

Dated:  February 27, 2006

>Respectfully submitted,
>
>PILLSBURY WINTHROP SHAW PITTMAN LLP
>
>By: /s/ Mark R. Hellerer
>Mark R. Hellerer (MH-9141)
>1540 Broadway
>New York, New York  10036-4039
>Telephone:   212.858.1787
>Facsimile:     212.858.1500
>
>Of counsel:
>Thad T. Dameris
>Trevor R. Jefferies
>PILLSBURY WINTHROP SHAW PITTMAN LLP
>909 Fannin Street, Suite 2200
>Houston, Texas  77010
>Telephone:   713.425.7322
>Facsimile:     281.582.6305
>
>**Attorneys for Defendant Airbus S.A.S.**